| **Boumechal-Toro v City of New York** |
|:---:|
| 2024 NY Slip Op 31356(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150689/2023 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**                          PART                    22M

*Justice*

-----------------------------------------------------------------------X

ZUBEIDA ZENA BOUMECHAL-TORO,

                               Plaintiff,

                  - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, HOYT TRANSPORTATION
CORP., LUIS A. SANCHEZ

                            Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150689/2023 |
| MOTION DATE | 05/08/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for            **PARTIAL SUMMARY JUDGMENT**

Upon the foregoing documents and following oral argument, it is ordered that Plaintiff's motion for summary judgment on the issue of liability in favor of Plaintiff and against Defendants Hoyt Transportation Corp (Hoyt) and Luis A. Sanchez (Sanchez) and "dismissing all affirmative defenses alleging comparative fault on the part of Plaintiff's decedent" by Hoyt and Sanchez and the cross-motion by Defendants The City of New York and The New York City Department of Education (the City Defendants) is decided as follows:

Plaintiff commences this action as a result of an April 28, 2022 accident between Decedent-Pedestrian Fahri Rochdi Boumechal and a motor vehicle owned by Defendant Hoyt and operated by Defendant Sanchez. Plaintiff Zubeida Zena Boumechal-Toro was duly appointed as Administrator of the Estate of Fahri Boumechal, deceased.

Plaintiff contends that Decedent was struck and killed by a yellow school bus owned by Defendant Hoyt and operated by Defendant Sanchez while Decedent-pedestrian was crossing 2nd Avenue. In support of Plaintiff's motion, Plaintiff relies on the affidavit of a witness, Austin Wu. Wu avers that he was turning right onto 2nd Avenue, observed Decedent crossing eastbound on 37th Street over 2nd Avenue, Decedent was more than halfway across the street within the crosswalk

[* 1]

with the pedestrian countdown timer flashing and counting down, as a school bus turned left onto 2nd Avenue from 37th Street, striking and knocking down pedestrian-Decedent. Wu also had a dashcam on his vehicle and attached a video link which shows Decedent walking across the street within the crosswalk, with pedestrian signal counting down, but does not show the impact.

In opposition, Defendants contend that there are questions of fact with regard to the Decedent's usage of a cell phone when the incident occurred. Defendants rely on the affidavit of Defendant Driver Sanchez, in which he avers that he was the driver of the Hoyt Transportation Corp. vehicle on the date of the subject accident, after the incident, he stopped his vehicle, exited, and observed Decedent on the ground not moving, speaking, or making any sounds. Defendant Sanchez further avers that he observed a cell phone on the ground near Decedent.

Defendants also submit the affidavit of Jessica Espinoza, Spanish interpreter, in which she avers that she is a paralegal at the office of Silverman Shin & Byrne PLLC, she was requested to interpret an affidavit for Luis A. Sanchez from English to Spanish, Sanchez appeared in her office, she read the entire affidavit to him in Spanish, and Sanchez acknowledged that the contents of the affidavit were true to the best of his recollection.

Defendants contend that discovery must be completed to see if Decedent was using a cell phone at the time of the accident because if Decedent was using his cell phone at the time of the accident, then there is an issue of fact regarding culpable conduct.

In reply, Plaintiff contends that there is no evidence that Decedent was using a phone at the time. For example, the phone could have fallen out of his pocket when he was struck. Plaintiff further contends that Defendant Sanchez's affidavit is not in proper form because there is no draft affidavit submitted in the witness' native language and included in the submission to the Court, so the affidavit is inadmissible.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing

150689/2023 BOUMECHAL-TORO, ZUBEIDA ZENA vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 2 of 5

[* 2]

the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure ... to do [so]" (*Zuckerman v New York*, 49 NY2d 557 [1980]).

Plaintiff has established prima facie entitlement to summary judgment on the issue of liability. In opposition, Defendants have failed to raise an issue of fact. Defendants' contention that Decedent's cell phone was found in the street, and thus he may have been distracted by it at the time of the accident is speculative.

In support of their cross-motion, Defendants contend that neither City Defendant hold any ownership interest in the school bus that was involved in the subject accident and are not responsible for the alleged torts of other governmental departments nor those entities' independent contractors. Defendants submit a signed "Contract Proposal," a certified police report, and an affidavit from Chris J. Termini, President of Hoyt.

Defendants contend that the signed "Contract Proposal" establishes the relationship of Hoyt being an independent contractor to the Board of Education, which currently operates under the name Department of Education. This contract details all busing services, including ownership of all equipment, employment of drivers and matrons and maintenance of all equipment, to be solely the responsibility of Hoyt, as an independent contractor to the City Defendants.

The certified police report identifies that the bus is owned by Hoyt.

In his affidavit, Termini avers that the City Defendants do not directly provide any school bus services; school bus services for New York City schoolchildren are carried out by private bus companies serving as contractors for the New York City Department of Education (DOE); the City Defendants are not parties to the contract; the bus involved in the accident was owned by Hoyt and driven by Luis A. Sanchez; and it was operating the route pursuant to a contract between Hoyt and the DOE. Termini further avers that the City Defendants did not employ Defendant Sanchez on the date of the accident; they did not hire, train, supervise or direct the activities of Defendant Sanchez; and they did not supervise or direct the activities by Hoyt on the date of the accident nor did they own the subject school bus.

150689/2023  BOUMECHAL-TORO, ZUBEIDA ZENA vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 5

[* 3]

In opposition to the cross-motion, Plaintiff contends that if the Court accepts Termini's affidavit as true, Plaintiff requests, in the alternative, a dismissal without prejudice of the causes of action against the City Defendants, with leave to bring back either or both of those entities should discovery yield new evidence and with all statutes of limitations defenses deemed waived.

In reply, Defendants contend that Plaintiff fails to raise an issue of fact. Defendants contend that Hoyt is an independent contractor to the City Defendants and discovery would not reveal any evidence leading to a liability finding on their part.

Defendants' cross-motion is granted without prejudice. Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment on the issue of liability in favor of Plaintiff and against Defendants Hoyt Transportation Corp and Luis A. Sanchez and "dismissing all affirmative defenses alleging comparative fault on the part of Plaintiff's decedent" by Hoyt and Sanchez is GRANTED; and it is further

**ORDERED** that the cross-motion by Defendants pursuant to CPLR 3212 dismissing the complaint in its entirety against THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF EDUCATION on the grounds that they are improper parties to this action is GRANTED; and it is further

**ORDERED** that the complaint is dismissed as against said Defendants, without prejudice of the causes of action against the City Defendants, with leave to bring back either or both of those entities should discovery yield new evidence and with all statutes of limitations defenses deemed waived; and it is further

**ORDERED** that and the Clerk is directed to enter judgment accordingly in favor of said Defendants; and it is further

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

150689/2023  BOUMECHAL-TORO, ZUBEIDA ZENA vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 5

4 of 5

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 4/19/2024 | | |
| --- | --- | --- |
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150689/2023 BOUMECHAL-TORO, ZUBEIDA ZENA vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 5

5 of 5